<pre>
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


MICHAEL KELLY,
        Plaintiff,


        v.                              C.A. No. 12-929L


U.S. DEPARTMENT OF HOMELAND
SECURITY by and through the
Secretary of Homeland Security,
JEH JOHNSON,[1] and STEVE SHERIDAN
in his professional and personal
capacities,
        Defendants.
</pre>

### MEMORANDUM AND ORDER

Ronald R. Lagueux, Senior United States District Judge.

    This matter is before the Court on the motion of Defendants to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff, a former employee of the federal Transportation Security Administration ("TSA"), alleges that he was sexually harassed by his TSA supervisor, and that, after he complained about her conduct, he was subjected to a retaliatory constructive discharge from his employment.  Defendants assert that Plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 2000e-5 and 29 C.F.R. § 1614.105(a)(1), and that, consequently, his claims here are time-barred and must be dismissed.  As explained below, the Court

---

    [1] Since the filing of this Complaint, prior Secretary of Homeland Security Janet Napolitano has resigned.  The Court makes this substitution pursuant to Fed. R. Civ. P. 25(d).

denies Defendants' motion to dismiss in part, holding that Plaintiff's Complaint contains factual allegations sufficient to state a case for which relief may be granted against his employer. The Court grants the motion to dismiss all claims against Defendant Steve Sheridan in his personal and professional capacities.

**Background**

The background facts, according to Plaintiff, are as follows. Plaintiff started working for the TSA in 2002. In 2007, he was promoted to the position of Transportation Security Officer. The following year, he began working on a team with supervisor Melissa Comfort. Although she was married, Comfort allegedly immediately starting flirting with Plaintiff. According to Plaintiff, Comfort arranged her schedule so that she could walk back and forth to the parking lot with him before and after work. On several occasions, Comfort suggested that they have sex in the back of her van. In addition, she made sexually suggestive comments to him at work, and while on break. Comfort received a promotion in 2009, but remained Plaintiff's supervisor.

In 2010, Comfort planned to attend a week-long training session in Wisconsin. Comfort invited Plaintiff to accompany her so that they could spend the week together. Although Plaintiff refused this and the other invitations, nevertheless, one day

Comfort tried to kiss him on their way back to the parking lot. When Plaintiff rebuffed her advance, Comfort expressed her frustration with him and instructed him to stop turning her down.

The following fall, Comfort completed Plaintiff's employment evaluation. Although his evaluation was positive, it was not as good as it had been the year before (when completed by a different supervisor), despite the fact that Plaintiff was certain his performance had not deteriorated. This less-than-stellar evaluation resulted in a smaller raise than the prior year, as well as a diminished bonus. After receiving the evaluation, Plaintiff decided to speak with an administrative officer about the situation with Comfort.

On October 5, 2010, Plaintiff met with TSA administrative officer Defendant Steve Sheridan, who responded that he was aware of Comfort's conduct. On October 8, Plaintiff filed a written Incident Report with Comfort's supervisor, Michael Candeias. The Report outlined Comfort's unwelcome sexual advances and stated that her conduct had created "a stressful, uncomfortable and intimidating work environment." A few days later, Candeias met with Plaintiff and told him that Sheridan had warned that Comfort might be fired unless Plaintiff altered his Incident Report. Candeias encouraged Plaintiff to rewrite his Report and include fewer details. On October 15, 2010, Plaintiff filed a revised Incident Report. Candeias then reassigned Plaintiff to another

team where he no longer had to work with Comfort. From this point forward, Comfort avoided Plaintiff in the workplace.

Six weeks later, on November 30, 2010, Plaintiff was called in to meet with two TSA investigators who accused him of posting sensitive information about TSA procedures on a public website. Plaintiff denies this charge. On February 6, 2011, Plaintiff met again with one of the investigators and with Steve Sheridan, at which time Plaintiff was questioned for three hours. At this meeting, Sheridan told Plaintiff that, if he did not resign, he would be criminally prosecuted for the internet posting. Sheridan also asked Plaintiff to withdraw his Incident Report concerning Comfort's sexual harassment. Plaintiff then resigned under duress.

Plaintiff filed this Complaint in December 2012. He states three separate violations of Title VII of the Civil Rights Act[2] and 42 U.S.C. § 1981: 1) quid pro quo sexual harassment; 2) hostile work environment sexual harassment; and 3) retaliation. In addition to front pay, back pay, consequential damages and punitive damages, Plaintiff also seeks reinstatement and other equitable relief. In his memorandum of law objecting to Defendants' motion to dismiss, Plaintiff concedes that all his claims pursuant to 42 U.S.C. § 1981 are inapt and should be withdrawn. Additionally, Plaintiff has withdrawn the portion of

---

[2] 42 U.S.C. §§ 2000e-16(a).

his claims against Defendant Steve Sheridan which charge Sheridan in his personal capacity.

## Standard of Review

Defendants move to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. In considering a Rule 12(b)(6) motion, a court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The United States Supreme Court more recently stated the standard as follows: "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 (2007). Since Twombly, the Supreme Court has further refined its requirements in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

(Internal citations and quotations omitted).

On a motion to dismiss, a court usually does not consider documents outside of the complaint, unless the motion is converted into a summary judgment motion. <u>Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001). In this case, Defendants urge the Court to consider several internal Homeland Security documents. The Court has determined that review of these documents is not appropriate at this juncture, as these documents do not fall into any of the permissible exceptions for the consideration of documents beyond the pleadings. <u>See</u> <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993).

## **Analysis**

Defendants argue that Plaintiff's claims must be dismissed because he failed to report his claims to an Equal Employment Opportunity ("EEO") counselor within the time frame required by federal regulations. The time-frame presently set forth at 29 C.F.R. § 1614.105(a)(1) is 45 days from discriminatory conduct to contact with the EEO counselor.

### *Jurisdiction*

Defendants also argue that, because Plaintiff failed to properly exhaust his administrative remedies, this Court lacks subject matter jurisdiction to hear his complaint. This second argument is wholly wrong. The Supreme Court has clearly established that the 45-day time period is not a jurisdictional

prerequisite and, as such, is subject to equitable tolling, waiver and estoppel. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996).

### *Equitable tolling*

It is just such an equitable exception that Plaintiff urges the Court to consider in order to allow his claims to go forward. Extension of the time bar is contemplated by the governing federal regulation which states in part that the EEO Commission may extend the 45-day limit in certain instances, such as:

> ...when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should have been known [sic] that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or Commission.

29 C.F.R. § 1614.105(a)(2).

Plaintiff asserts in his Complaint that TSA supervisors Candeais and Sheridan were connected to the EEO counseling and complaint process, and that, as a result, his complaints about Comfort constitute contact with an EEO counselor. Furthermore, in his memorandum of law, Plaintiff states that neither Sheridan or Candeias advised him of his EEO rights or of the reporting deadline, nor did they refer him to an EEO counselor. In fact,

-7-

both men discouraged Plaintiff from pursuing a course of action that might have resulted in disciplinary action against Melissa Comfort.

The grounds provided by Plaintiff in favor of equitable tolling of the time limit for his claims are ones that have been accepted by courts in other cases. For example, Briggs v. Henderson, 34 F.Supp.2d 785 (D. Conn. 1999), the Connecticut District Court denied a motion to dismiss the claims of a postal worker who complained of sexual harassment to supervisors and others, but did not meet with an EEO counselor. The Court held that "the EEOC has consistently held that if an employee contacts management officials within 45 days of the last alleged discriminatory event, the contact will be considered timely under section 1614.105(a)(1)." Id. at 787. See also Culpepper v. Schafer, 548 F.3d 1119, 1124 (8th Cir. 2008). An employer's failure to inform employees of EEO procedures and time limits can also serve as the basis for equitable tolling. See Earnhardt v. Commonwealth of Puerto Rico, 691 F.2d 69, 73 (1st Cir. 1982).

It is undisputed that Plaintiff first met with Sheridan on October 5, 2010, soon after receiving his disappointing employment evaluation from Comfort in September 2010. Sheridan referred Plaintiff up the reporting chain to Michael Candeias. Plaintiff's intent to formalize his complaint is demonstrated by his preparation of a written report for Candeias on October 8,

-8-

and the filing of his revised report on October 15.  According to Plaintiff, neither of these supervisors provided him with any information about EEO procedures.  Plaintiff's assertions state a claim for equitable tolling that is plausible on its face.

Defendants deny that Sheridan and Candeias were sufficiently connected to the EEO complaint process for Plaintiff's meetings to constitute initial contact with an EEO counselor; and they argue that Plaintiff was informed of the EEOC requirements.  However, factual disputes such as these are not properly resolved at the motion-to-dismiss stage of the litigation.  See <u>Williams-Jones v. LaHood</u>, 656 F.Supp.2d 63, 67 (D.D.C. 2009) ("Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred.")  Moreover, Plaintiff's failure to exhaust his administrative remedies is an affirmative defense, meaning Defendants bear the burden of proving it.  <u>Id</u>. at 66.  Since factors in the equitable-tolling analysis include Plaintiff's knowledge, state of mind and intent at the time he met with Sheridan and Candeias, Defendants are up against an insurmountable obstacle to securing a judgment in their favor based only upon the allegations in the Complaint.  Consequently, the Court denies Defendants' motion to dismiss Counts I and II of the Complaint.

### *Retaliation*

As for Count III, Defendants argue that 45-day time limit

also applies to Plaintiff's retaliation claim; *i.e.*, that the 45-day clock started to run again at the time of his discharge, and that Count III is consequently time-barred.  It is undisputed that Plaintiff failed to contact an EEO counselor within 45 days of his alleged constructive discharge.  However, the First Circuit, faced with similar factual circumstances, considered the issue and concluded:

> On balance, we think the cleanest rule is this: retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency – *e.g.*, the retaliation is for filing the agency complaint itself.

<u>Clockedile v. New Hampshire Dept. of Corrections</u>, 245 F.3d 1, 6 (1st Cir. 2001).  The <u>Clockedile</u> Court announced this rule after determining that most circuits allowed retaliation claims to be made in court even though prior complaints to the agency only included claims of discrimination, <u>id</u>. at 4, and further determining that "[a] plurality of circuits – including the Second, Fourth, Seventh, Eighth, Ninth and Tenth – have said that the complainant may assert other claims 'reasonably related' to those alleged in the agency charge." <u>Id</u>. at 5.  After finding that its ruling was consistent with those of the other circuits, the Court fleshed out its decision with a public policy justification:

> The result, at least as to retaliation,

-10-

>     can be justified in policy terms.
>     Retaliation uniquely chills remedies; and by
>     retaliating against an initial administrative
>     charge, the employer discourages the employee
>     from adding a new claim of retaliation.

Id. at 5.

In the present case, Plaintiff establishes a reasonable relationship between his harassment complaint and his constructive discharge when he alleges that Steve Sheridan asked him to withdraw his written Incident Report concerning Melissa Comfort during the course of his three-hour interrogation about the internet security leak. This allegation is sufficient to permit Count III to pass through the Defendants' motion-to-dismiss wicket.

### *Steve Sheridan*

Plaintiff has conceded that he cannot maintain a proper claim against Defendant Steve Sheridan in his personal capacity. In fact, no claim at all against Sheridan, personally or professionally, may be maintained under Title VII. See Fantini v. Salem State College, 557 F.3d 22, 31 (1st Cir. 2009) ("Consequently, we find that there is no individual employee liability under Title VII."). In reaching this conclusion, the First Circuit determined that Congress designed Title VII as a remedial scheme for holding employers liable for discrimination that resulted not only from company-wide policies, but also from the conduct of its employees on the theory of *respondeat*

*superior*. Id. at 28-31.  Because of this rule, all claims against Defendant Steve Sheridan are hereby dismissed.

## **Conclusion**

For these reasons, Defendants' motion to dismiss Plaintiff's Complaint is denied in part and granted in part.  All claims against Defendant U.S. Department of Homeland Security by and through the Secretary of Homeland Security remain.  All claims against Defendant Steve Sheridan in his professional and personal capacities are hereby dismissed.

It is so ordered.


/s/Ronald R. Lagueux
Ronald R. Lagueux
Senior United States District Judge
March  19 , 2014